**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**LARRY MAURICE SANDERS**                                                    **PLAINTIFF**

**V.**                                                         **NO. 3:20-CV-207-DMB-RP**

**ANDREW SAUL**
**Commissioner of Social Security**                                        **DEFENDANT**

## ORDER

On July 13, 2020, Larry Maurice Sanders filed a complaint in the United States District Court for the Northern District of Mississippi seeking judicial review of the Commissioner of Social Security's decision denying his claim for benefits. Doc. #1. On July 9, 2021, this Court reversed the unfavorable decision and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #32. The same day, Sanders filed a motion for an award of attorney's fees in the amount of $6,023.79 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[1] to be paid to his attorney for 29.54 total hours of work performed at the rate of $203.92 per hour. Doc. #33 at PageID 964. The Commissioner does not object to the requested hourly award. Doc. #34 at PageID 970. However, the Commissioner insists the award should be made payable to Sanders, not his counsel, consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010). *Id.* at PageID 970–71. Sanders did not reply to the Commissioner's argument.

In the absence of objection to the hourly rate and hours worked, the Court finds a fee award of $6,023.79 is reasonable and no special circumstance would make the award unjust. The Court

---

[1] The judgment in this case is properly considered final because the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g), which "terminates the civil action seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 298–99 (1993) (cleaned up).

further finds the award should be made payable to Sanders pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff* because Sanders has presented no argument or legal authority to the contrary. *See* 560 U.S. 586, 597–98 (2010) (holding the attorney's client should be the payee of the fee award pursuant to the provisions of the EAJA, regardless of any assignment).

Accordingly, Sanders' motion for attorney fees [33] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Sanders is awarded attorney's fees in the amount of $6,023.79 (29.54 hours at the hourly rate of $203.92). It is DENIED in all other respects. The Commissioner is **DIRECTED** to promptly pay Sanders $6,023.79 in attorney's fees for the benefit of his counsel.

**SO ORDERED**, this 7th day of October, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**